UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION



FILED

15 MAR 23 AM 10: 27

ERIC P. MAINS
    PLAINTIFF

**ORIGINAL**

VS.                  CIVIL ACTION NO. 4:15-CV-036-SEB-WGH

CITIBANK, N.A. as TRUSTEE for the WAMU-HE2 Trust
CHASE BANK, N.A.
CYNTHIA RILEY
NELSON & FRANKENBERGER, P.C.
CHRISTINE A. SAUERER
JODI SOBOTTA
BLACK KNIGHT Financial Services, LLC (formerly LPS)
WASHINGTON MUTUAL BANK
BOSE MCKINNEY & EVANS, LLP; and
UNKNOWN JOHN DOE'S
    DEFENDANTS

### PLAINTIFF'S MOTION FOR
### TEMPORARY RESTRAINING ORDER and PRELIMINARY INJUNCTION

Oral Argument Requested

1.     Plaintiff herein, by and through the undersigned counsel, hereby moves the Court, pursuant to the provisions of FEDERAL RULE OF CIVIL PROCEDURE 65 B), to issue forthwith a temporary restraining order ("TRO"), restraining and enjoining Defendants, defendants' attorneys, officers, agents, servants, employees, and any and all other persons in active concert or participation with the named Defendants, from conducting the Sheriff's Sale scheduled for Tuesday MARCH 24, 2015 at 10:00 A.M.

2.       In support of this motion the Plaintiff states the following:

3.       The Plaintiff is the owner of the property more commonly known as 2635 Darien Drive, Jeffersonville, Indiana 47130. The property is the subject matter of mortgage foreclosure action 10C01-1004-MF-248 in Clark County, Indiana State Court and the resulting Sherriff's Sale, related to Plaintiff's home, is scheduled for March 24, 2015 at 10:00A.M. The Plaintiff is requesting a temporary restraining order ("TRO") to "enjoin" the Clark County Sheriff's sale due to the following reasons:

*Time is of the Essence*

4.       The Sherriff's Sale is scheduled for tomorrow March 24, 2015 and if the injunction is not issued Plaintiff risk losing his home forever even if he prevails in this Federal case, therefore time is of the essence.

*Immediate and Irreparable injury, loss, or damage*

5.       After the sale on March 24, 2015 at 10:00 A.M there is no equitable right of redemption allowing the Plaintiff to repurchase his home where his family lives therefore he will be irreparable injured. In Plaintiff's estimation he has already been wronged by Defendants and this would be an even further injury.

6.       Plaintiff has been harmed by Defendants and Plaintiff will suffer immediate and irreparable injury, loss, and damage unless the threatened action of Defendants, specifically the March 24, 2015 sale is enjoined and restrained by this Court pending a hearing and resolution of plaintiff's request for a TRO and Preliminary Injunction.

*Notice Requirements*

7. In addition, counsel for Plaintiffs requests that notice on Defendant's not be required before the Court issue this temporary restraining order. Counsel for Plaintiff has written, mailed and fax notice to the Plaintiffs' attorneys on February 27, 2014 (see Exhibit "A" attached Fax confirmation) and heard no response as of March 23, 2015. In addition to the faxes sent, there was also an identical copy of the TILA rescission mailed to Nelson and Frankenberger and Chase Bank.

8. Instead of responding to the rescission, as the TILA statute requires, Defendants' sent Plaintiff loan modification documents on a loan Plaintiff already rescinded and threatened judicial foreclosure action and collection on a loan that no longer exists.

9. If the temporary restraining order is not issued immediately Plaintiff risks immediate and irreparable injury, loss, or damage that will result to Plaintiff before the adverse party or their attorney can be heard in opposition.

10. Plaintiff filed this Federal Complaint in the Southern District of Indiana based on what appears to be fraudulently manufactured legal documents to aid in the foreclosure of his home and even if Plaintiff prevails in this case it will not help him save his home because it will already have been sold on March 24, 2015. Therefore this is not "speculative" because an actual injury is on the horizon and imminent.

*No Adequate Remedy at Law*

11. Additionally, this request is rooted in equity and not in monetary damages as Plaintiff would not file this injunction if not for the fact his home will be forever gone if this sale is not enjoined. Specifically, Plaintiff' ex-wife and son will be evicted if the sale on March 24, 2015 occurs. Therefore, there is no adequate remedy at law because Plaintiff's

home would be sold to a third-party and there is no financial award that can compensate Plaintiff for the loss of his and his ex-wife's personal residence and his child's home.

*Likelihood of Success on the Merits*

12. There is a substantial likelihood of success on the merits for Plaintiff as the Defendants are alleged to have misrepresented facts to Mains during the lending process. Additionally, Plaintiff rescinded the loan on February 27, 2015 by sending a Truth in Lending ("TILA") rescission and therefore there is no loan agreement remaining to foreclose on. Defendants failed to respond, as was required of them within 20 days (March 19, 2015), and waived any defense to Plaintiff's rescission. Defendants no longer have any rights in the property, or rights to proceed with foreclosure. Defendants must go to trial if they wish to foreclose now.

13. In the alternative, should the Court disagree with paragraph 12 above, the instances of robo-signing, defined as follows:

> *Robo-signing" is a term used by consumer advocates to describe the robotic process of the mass production of false and forged execution of mortgage assignments, satisfactions, affidavits, and other legal documents related to mortgage foreclosures and legal matters being created by persons without knowledge of the facts being attested to. It also includes accusations of notary fraud wherein the notaries pre- and/or post-notarize the affidavits and signatures of so-called robo-signers. On July 18, 2011, the Associated Press and Reuters[15] released two reports that robo-signing continued to be a major problem in U.S. courtrooms across America. The AP defined robo-signing as a "variety of practices. It can mean a qualified executive in the mortgage industry signs a mortgage affidavit document without verifying the information. It can mean someone forges an executive's signature, or a lower-level employee signs his or her own name with a fake title. It can mean failing to comply with notary procedures. In all of these cases, robo-signing involves people signing documents and swearing to their accuracy without verifying any of the information.*

*Wikipedia*

and fraudulent documents of Jodi Sobotta and Christine Sauerer clearly show there is a strong likelihood of success on the merits as the documents purported to help Defendants prevail in the state case were based off of fraud and were already part of a successful lawsuit and consent order against their employer LPS (now Black Knight) to have ceased such activity and to have corrected such fraud.

*Balance of Hardships*

14.  Balancing the hardships between both parties, the Plaintiff risks losing his family's home forever and the Defendants have minimal hardship as this is simply another home in their vast portfolio of foreclosures. Additionally, the US Supreme Court is on Plaintiff's side per *Jesinoski v. Countrywide Home Loans, Inc.* opinion which recently stated TILA rescission was effective on mailing meaning all Defendants defenses were waived and therefore there is no security interest to foreclose on. See Exhibit B

*Public Interests*

15.  Finally, not only is there no adverse effect on public interest, but rather, this temporary restraining order request advances the public's interest for the Court to grant this "TRO" to prevent the wrongful foreclosing of homes against consumers.

16.  This Motion is supported by the Complaint filed in this action and the Exhibits filed in connection with the Complaint, which are incorporated herein by this reference.

RESPECTFULLY SUBMITTED this day of 23rd of MARCH 2015.

/s/ Jon M. Schulte
Jon M. Schulte
Attorney I.D. Number 29479-10
SMITH CARPENTER FONDRISI
& CUMMINS, LLC
209 East Chestnut Street
P.O. Box 98
Jeffersonville, IN 47131-0098
(812) 282-7736